UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY MARK SIVAK,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF IDAHO; TYRELL DAVIS; CHAD PAGE; AMANDA GENTRY; KIM BANSCH; DEFENDANT HIBBARD; WAYNE WILSON; M. MARTINEZ-QUIROZ; RUSSEL WILL; SUMMER ELDREDGE; JAY PLUMER; DEFENDANT RAMIREZ; DEFENDANT MUNGER; DEFENDANT KUHRI; DEFENDANT HONG; T. SMITH; REBECCA STRAUSS; SHERYL LAFLAMME; DEFENDANT GRESSICK; DEFENDANT ARCHIBEQUE; and L. KORMYLO,<br><br>                Defendants. | Case No. 1:25-cv-00377-DCN<br><br>**ORDER OF DISMISSAL** |

Idaho prisoner Lacey Mark Sivak filed an initial pleading entitled "Petition for Redress of Constitutional and Statutory Rights Being Deprived to Petitioner." Dkt. 1. The Court has construed the pleading as a civil rights complaint.

On August 11, 2025, the Clerk of Court issued a Notice of Noncompliance with General Order 342 and Order to Amend, requiring Plaintiff to file an amended complaint that complies with General Order 342 within 28 days. *See* Dkt. 12. Plaintiff has not done so.

Instead, Plaintiff has filed a document entitled, "Resubmission of 'Criminal Complaint' on David C. Nye and Stephen W. Kenyon for Aiding and Abetting in Crimes on a United States Citizen." Dkt. 16. In this document, which the Court initially construed as a motion for reconsideration, Plaintiff states his intention to file criminal charges against the undersigned judge and the Clerk of Court. Thus, the Court now construes the document as a motion for leave to file a criminal complaint.

Plaintiff has also filed a "Notice to Disqualify David C. Nye for Bias/Cause." Dkt. 9. The Court construes this document as a motion for recusal of the undersigned judge. For the reasons that follow, the motions will be denied and this case dismissed.

## 1.    Motion for Recusal

Plaintiff seeks the disqualification of the undersigned judge. Disqualification, or recusal, of judges is governed by 28 U.S.C. §§ 144 and 455.

Under 28 U.S.C. § 455(a), a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."[1] Disqualification is not required where only vague allegations of bias and prejudice are asserted, or where those allegations arise from the adjudication of claims or cases by the court during the course of litigation. *Focus Media, Inc. v. Nat'l Broadcasting Co. (In re Focus Media, Inc.)*, 378 F.3d 916, 930 (9th Cir. 2004), *superseded by statute on other grounds as stated in Dep't of Revenue v. Blixseth*, 942 F.3d 1179 (9th Cir. 2019).

---

[1] Section 455(b) also requires recusal in certain circumstances, such as where the judge has a personal bias for prejudice, where the judge has served as a lawyer in the proceeding, where a judge or certain family members have a financial interest in the proceeding, or where certain relatives of the judge are involved in the proceeding. None of these circumstances applies to Plaintiff's request for disqualification.

Plaintiff asserts that the impartiality of the undersigned judge might reasonably be questioned for several reasons.

First, Plaintiff alleges that Jeff Nye, a relative of the undersigned, "works for the law office that would defend" the defendants in this case. Dkt. 9 at 4–5. Jeff Nye is a relative of the undersigned and is employed by the Office of the Attorney General of the State of Idaho. However, the Court takes judicial notice that Jeff Nye works in the *criminal* division. It is attorneys in the *civil* division of the Attorney General's Office who might potentially represent the defendants in this case.[2] Thus, this asserted basis for recusal is without merit.

Second, Plaintiff contends that the undersigned has "covered for his senior judge" in Plaintiff's previous civil cases. *Id*. at 5. This is nothing more than a vague allegation of bias and is insufficient to warrant recusal. *See In re Focus Media, Inc.*, 378 F.3d at 930.

Finally, Plaintiff states that he has filed complaints against the undersigned. Dkt. 9 at 5–6. However, just because a judge is named in a misconduct complaint or as a defendant in a court case—even in the very case over which that judge is presiding—does not mean that recusal is required. If it did, a plaintiff could force disqualification of every judge

---

[2] In *Berger v. United States*, 295 U.S. 78, 88 (1934), the Supreme Court said that the United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as it obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win the case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. This same dual aim applies in civil litigation advanced by the US Attorney's Office. This same rule applies when it is the Idaho Attorney General's office that is involved rather than the US Attorney's Office. On February 22, 2023, the Ninth Circuit and the Administrative Offices of the Court issued an opinion on this issue regarding this situation. That opinion states that where a judge's child is an attorney in a government agency but is not personally involved in the case, there is no need for the judge to recuse.

simply by suing all of them. It is well established that disqualification is not required even though it might be possible to find an Article III judge "somewhere in the country" who is not named in the suit. *Glick v. Edwards*, 803 F.3d 505, 509 (9th Cir. 2015).

At one time or another, in several of Plaintiff's many civil cases, Plaintiff has named as defendants all of the district judges of this Court. *See Sivak v. Winmill, Brailsford, and Nye*, No. 1:24-cv-00164-AKB (D. Idaho, dismissed April 30, 2024); *see also, e.g.*, *Sivak v. Nye*, No. 1:23-cv-00351-BLW (D. Idaho, dismissed Dec. 29, 2023); *Sivak v. Winmill*, No. 1:25-cv-00043-DCN (D. Idaho, dismissed May 22, 2025). Thus, under the "rule of necessity" described in *Glick*, 803 F.3d at 509, the undersigned need not recuse on this basis.

For these reasons, Plaintiff's motion for recusal will be denied.

## 2.     Motion for Leave to File Criminal Complaint

Plaintiff seeks to "resubmit" a criminal complaint that he was unable to file at a previous time. *See* Dkt. 16. However, Plaintiff, as a private citizen, cannot institute a federal criminal action. The Court has informed Plaintiff of this truth many, many times. *See, e.g., Sivak v. Clerk of Court*, No. 1:24-cv-00030-AKB, 2024 WL 1194460, at *2 (D. Idaho March 20, 2024); *Sivak v. Docket Clerk*, No. 1:24-cv-00021-DCN, 2024 WL 380880, at *2 (D. Idaho Feb. 1, 2024); *Sivak v. Docket Clerk*, No. 1:24-cv-00020-BLW (D. Idaho Feb. 4, 2024); *Sivak v. Docket Clerk*, No. 1:24-cv-00019-BLW, 2024 WL 1071944, at *2 (D. Idaho Mar. 12, 2024); *Sivak v. Winmill*, No. 1:23-cv-00014-AKB, 2023 WL 4600516, at *2 (D. Idaho July 18, 2023); *Sivak v. Duggan*, No. 1:21-CV-00166-BLW, 2021 WL 1881038, at *1 (D. Idaho Apr. 26, 2021); *Sivak v. Doe*, No. 1:19-CV-00234-

DCN, 2019 WL 13240389, at *2 (D. Idaho Sept. 11, 2019); *Sivak v. Wilson*, No. 1:93-CV-00081-EJL, 2014 WL 12634293, at *2 (D. Idaho June 20, 2014), *aff'd*, 646 F. App'x 523 (9th Cir. 2016); *Sivak v. Nye*, No. 1:24-cv-00193-BLW (D. Idaho June 26, 2024); *Sivak v. Winmill*, No. 1:25-cv-00043-DCN (D. Idaho May 22, 2025); *Sivak v. Newhouse*, No. 1:25-cv-00045-AKB (D. Idaho April 16, 2025). As a result, Plaintiff is well aware that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and that there is no individual right "to have criminal wrongdoers brought to justice," *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987).

Therefore, Plaintiff's motion for leave to file a criminal complaint will be denied as frivolous.

### 3.    Failure to Comply with General Order 342

As stated above, Plaintiff has failed to comply with General Order 342, which—among other things—limits pro se prisoner civil complaints to 20 pages. Plaintiff was previously warned that failure to file an amended complaint that complied with General Order 342 would result in dismissal. *See* Dkt. 12. Therefore, this case will be dismissed.

**ORDER**

**IT IS ORDERED:**

1.    Plaintiff's motion for recusal (Dkt. 9) is DENIED.

2.    Plaintiff's motion for leave to file a criminal complaint (Dkt. 16) is DENIED.

3.    This case is DISMISSED without prejudice for failure to comply with subsection A of General Order 342. *See* Fed. R. Civ. P. 41(b); *Williams v.*

*Stewart*, 830 F. App'x 904 (9th Cir. Dec. 9, 2020) (per curiam) (unpublished) (upholding dismissal with prejudice for failure to comply with General Order 342); *see also Wolf v. Idaho State Bd. of Correction*, No. 20-35600, 2021 WL 3721434, at *2 (unpublished) (9th Cir. Aug. 23, 2021) ("The district court did not abuse its discretion in striking the Second Amended Complaint because [Plaintiff] failed to comply with the 20-page limit for pro se prisoner complaints in civil rights cases set forth in Idaho General Order No. 342 and required by the court's previous order. [Plaintiff's] contentions that the page limit violates his rights to access the courts and to due process lack merit.") (internal citation omitted).

4.    Plaintiff's Petition for Preliminary Injunction and Petition to Proceed Without Cost (Dkts. 6 and 8) are DENIED AS MOOT.

DATED: November 12, 2025

David C. Nye
Chief U.S. District Court Judge

ORDER OF DISMISSAL - 6